UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MOFFITT,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; SAN DIEGO COUNTY JAIL; CITY OF SAN DIEGO; SAN DIEGO POLICE DEPARTMENT; DOES 1–100,<br><br>　　　　　　　　　Defendants. | Case No.: 24-cv-1445-MMA (DDL)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>[Doc. Nos. 3, 4] |

　　　John Moffitt ("Moffitt" or "Plaintiff") filed a civil action in San Diego Superior Court on July 12, 2024, alleging Defendants violated his civil rights under 42 U.S.C. § 1983, were professionally negligent, and used excessive force on him during his arrest. The matter was removed to this Court on August 14, 2024. *See* Doc. No. 1.[1] The First

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

Amended Complaint ("FAC"), which is the operative pleading in this case, was filed as an exhibit to the Notice of Removal. *See* Doc. No. 1-2.

Defendants County of San Diego, San Diego County Sheriff's Department ("County Defendants"), San Diego County Jail, City of San Diego, and San Diego Police Department ("City Defendants" and, collectively with "County Defendants," "Defendants") have now filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b).[2] *See* Doc. Nos. 3, 4. Plaintiff has filed an Opposition to each motion, and Defendants have filed Replies. Doc. Nos. 5–8. The Court found the matters suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 9. For the reasons discussed below, the Court **GRANTS** Defendants' Motions to Dismiss **without prejudice** and **with leave to amend**.

## I. BACKGROUND[3]

Plaintiff was asleep in his apartment when he was awakened by San Diego Police officers breaking down his door. FAC ¶ 18. Officers sent a police dog into Plaintiff's apartment; the dog bit Plaintiff and did not release him. *Id.* ¶ 19. Moffitt sustained serious bite wounds. *Id.* Plaintiff was arrested and taken to San Diego County Jail. *Id.* ¶¶ 20–21. Jail staff ignored Plaintiff's wounds, and "repeatedly ignored medical orders and advice." *Id.* ¶ 22. Plaintiff's wounds became infected, leading to him becoming septic. *Id.* ¶ 23. He was eventually transferred to an outside hospital, where he stayed for weeks. *Id.* Plaintiff's arm was nearly amputated, and Plaintiff will require future medical attention. *Id.* ¶ 24. Plaintiff alleges he suffered "severe physical and emotional damage," and that "the full extent of [his] injuries has yet to be determined." *Id.* ¶ 25.

---

[2] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

[3] Because this matter is before the Court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true the allegations set forth in the Complaint. *See Barker v. Riverside Cnty. Office of Edu.*, 584 F.3d 821, 824 (9th Cir. 2009).

## II. Legal Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, brackets, and citations omitted). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998). In determining the propriety of a Rule 12(b)(6) dismissal, generally, a court may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998).

## III. Incorporation by Reference

Normally, the scope of review for a motion to dismiss under Rule 12(b)(6) limits the Court to consideration of the contents of the complaint. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). City Defendants, however, ask the Court to incorporate by reference the San Diego Police Department's Canine Unit Operations

1 | Manual ("the Canine Manual"). Doc. No. 43 at 6. Under the "incorporation by
2 | reference" doctrine, "[a] court may consider evidence on which the complaint
3 | 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is
4 | central to the plaintiff's claim; and (3) no party questions the authenticity of the copy
5 | attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)
6 | (citing *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir.1994), *Warren v. Fox Family
7 | Worldwide, Inc.*, 328 F.3d 1136, 1141 n. 5 (9th Cir. 2003), and *Chambers v. Time
8 | Warner, Inc.*, 282 F.3d 147, 153 n. 3 (2d Cir. 2002)). The incorporation by reference rule
9 | is designed to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately
10 | omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d
11 | at 763 (alterations and internal quotation marks omitted).

City Defendants contend Plaintiff refers to the Canine Manual in paragraph 65 of the FAC and relies on it for his claims. Doc. No. 4 at 6. Plaintiff does state in Paragraph 65 of the FAC that the City of San Diego and the San Diego Police Department ("SDPD") violated the Canine Manual's provisions when they allowed the police dog to enter Plaintiff's apartment without first searching it. FAC ¶ 65. However, "the Ninth Circuit prohibits courts from considering facts in incorporated documents or taking judicial notice of facts in documents that are being used as a basis to resolve genuine factual disputes in a complaint, warning that the 'overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results.'" *Ishita Das v. Unity Software, Inc., et al.*, No. 5:22-cv-03962-EJD, 20204 WL 1141733, at *6 (N.D. Cal. March 15, 2024) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 989–99 (9th Cir. 2018)). "The incorporation by reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Khoja*, 899 F.3d at 1014 (citing *Sgro v. Danone Waters of North America*, 532 F.3d 940, 942, n.1 (9th Cir. 2008)). Here, construing the factual allegations in the light most favorable to Plaintiff, as the Court is required to do, there is a "genuine factual dispute" as to

whether City Defendants' actions violate the Canine Manual. *See Cahill*, 80 F.3d at 337–38. Thus, the Court finds it is inappropriate to incorporate by reference the Canine Manual, and **DENIES** the request **without prejudice**.

## IV. DISCUSSION

The FAC presents three claims for relief against City Defendants and County Defendants, as well as Does 1–100. FAC ¶¶ 31–66. Plaintiff alleges Defendants (1) violated his civil rights under 42 U.S.C. § 1983, (2) committed professional negligence under California Civil Code § 1714(a), and (3) used excessive force during his arrest. *Id.* at ¶¶ 31–66. City Defendants and County Defendants argue in their motions to dismiss that Plaintiff's first and third claims are insufficiently pled, and that his second claim is not cognizable under state law. Doc. Nos. 3 at 8–15; 4 at 4–10.

**A.    Violation of Civil Rights, 42 U.S.C. § 1983 (Claim One)**

As to Claim One, Plaintiff alleges City Defendants violated his civil rights when they improperly allowed the police dog to enter his apartment and bite his arm. FAC ¶¶ 33, 35, 41, 43. He also alleges Defendants violated his civil rights when they failed to properly diagnose and treat his dog bite wound while he was in custody at the San Diego County Jail. *Id.* ¶¶ 34, 36–38, 45–46.

City Defendants argue that Plaintiff has not stated a § 1983 claim in Claim One because he has not identified a specific constitutional right that was violated. Doc. No. 4 at 4. "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 40 U.S. 386 U.S. 386, 393–94 (1989) (internal quotation marks omitted). Rather, title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).

  Plaintiff's allegations in Claim One could form the basis for either an inadequate medical care claim or an excessive force claim. More confusingly, Plaintiff's Opposition to City Defendants' Motion to Dismiss argues that the FAC states a § 1983 claim because SDPD "deprived Plaintiff of his constitutional right to unlawful searches and seizures," which would be a Fourth Amendment claim. Doc. No. 5 at 4. Plaintiff must provide more clarity regarding the constitutional basis for Claim One in order to plausibly allege a § 1983 claim.

  County Defendants interpret Claim One as an inadequate medical care claim, which finds some support in the FAC. In paragraph 1 of the FAC, Plaintiff states that "[t]his is an action brough[t] under 42 U.S.C. § 1983 to recover damages against Defendants for violation of Plaintiff's right to be free from cruel and unusual punishment as guaranteed by the Eight[h] and Fourteenth Amendments to the Constitution." FAC ¶ 1. In paragraph 45 of the FAC, Plaintiff alleges that Defendants "violated Plaintiff's Eight[h] and Fourteenth Amendment rights to be free from cruel and unusual punishment in the form of deliberate indifference to Plaintiff's personal health and safety . . . ." *Id.* ¶¶ 45, 14–16. Because Plaintiff was a pre-trial detainee at the time of the events, however, the Eighth Amendment does not apply. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (noting that the Due Process Clause of the Fourteenth Amendment is applicable to claims of pre-trial detainees rather than the Eighth Amendment because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). Accordingly, City Defendants' and County Defendants' motions to dismiss are **GRANTED with prejudice** to the extent Plaintiff alleges an Eighth Amendment claim in Claim One.

  To state a Fourteenth Amendment claim against a municipality, a Plaintiff must allege that: (1) he was deprived of a constitutional right; (2) the County has a policy, custom or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom or practice was the moving force behind the constitutional

violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.")). "Allegations of *Monell* liability will be sufficient for purposes of Rule 12(b)(6) where they: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur." *McDaniel v. Diaz*, No. 1:20-cv-00856-NONE-SAB, 2020 WL 7425348, at *22 (E.D. Cal. Dec. 19, 2020) (quoting *Lucas v. City of Visalia*, No. 1:09-CV-1015AWIDLB, 2010 WL 1444667, at *4 (E.D. Cal. Apr. 12, 2010) (citation omitted). A plaintiff must "specify the content of the policies, customs, or practices the execution of which gave rise to [his or her] Constitutional injuries." *Estate of Kong v. City of San Diego*, No. 22-cv-1858-BAS (DDL), 2023 WL 4939370, at *5 (S.D. Cal. Aug. 2, 2023) (quoting *La v. San Mateo Cnty. Transit Dist.*, No. 14-CV-01768-WHO, 2014 WL 4632224 (N.D. Cal. Sept. 16, 2014) (internal quotation marks omitted)). "A custom or practice can be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." *Hunter v. County of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011).

      County Defendants contend Plaintiff has not pleaded sufficient facts to plausibly allege the County had a policy, custom, or practice that was "the moving force behind" a violation of Plaintiff's Fourteenth Amendment rights. Doc. No. 3-1 at 8–11. The Court agrees. Plaintiff pleads that "Defendants failed to competently treat Plaintiff," intentionally disregarded the risk of the dog bite wounds to Plaintiff, and failed to properly diagnose and treat his bite wounds with deliberate indifference to Plaintiff's

health and safety. FAC ¶¶ 36–38. Plaintiff further alleges Defendants "have customs or policies which amount to deliberate indifference to their [sic] constitutional rights," that there is a "policy to disregard proper care for prisoners," and that "Defendants implemented a policy that repudiated Plaintiff's constitutional rights." *Id.* ¶¶ 39, 46. These statements are devoid of any specifics; they are simply conclusions. Plaintiff has not set forth sufficient facts for the Court to reasonably infer either City Defendants or County Defendants have a formal policy or a custom or practice of "sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *Monell*, 436 U.S. at 694; *Iqbal*, 556 U.S. at 678. Accordingly, the Court **GRANTS** City Defendants' and County Defendants' motions to dismiss as to Claim One **without prejudice**.

**B.  Excessive Force (Claim Three)**

Although Plaintiff does not specifically mention § 1983 in Claim Three, an excessive force claim is brought pursuant to § 1983. Plaintiff alleges City Defendants used excessive force during his arrest when they allowed the police dog into his apartment without searching it beforehand, which led to the police dog biting Plaintiff's arm and inflicting a serious injury. FAC ¶¶ 64–66. Plaintiff does not make any specific allegations against County Defendants in Claim Three.

City Defendants argue Plaintiff has not met his pleading burden to plausibly allege liability under *Monell*. The Court agrees. As discussed above, to state a claim against a municipality, Plaintiff must: "(1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur." *McDaniel*, 2020 WL 7425348, at *22. Plaintiff alleges City Defendants' actions were not in compliance with the Canine Manual's provisions on how to use a police dog to arrest suspects. FAC ¶ 65. City Defendants argue this allegation is factually incorrect, but, as noted above under Rule 12(b)(6), the Court must assume the truth of all factual

allegations and must construe them in the light most favorable to the nonmoving party. *Cahill*, 80 F.3d at 337–38.

Despite the Court's duty to assume the facts alleged by Plaintiff's are true at this stage, however, Plaintiff's allegations are not sufficient to plausibly allege an excessive force claim against City Defendants under *Monell*. While Plaintiff has alleged City Defendants did not comply with the Canine Manual's provisions on the use of a police dog to apprehend a suspect in this instance, *see* FAC ¶ 65, he has not pleaded sufficient facts to plausibly allege City Defendants have a *policy, custom, or practice* of not complying with the Canine Manual. *Monell*, 436 U.S. at 694; *Iqbal*, 556 U.S. at 678. Plaintiff does not plead a specific, official policy with respect to the use of police dogs which, when executed, resulted in a violation of Plaintiff's constitutional rights. Nor does he plead sufficient facts to plausibly allege City Defendants had a custom or practice of using excessive force on suspects by releasing police dogs into an apartment without a prior search. "[L]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918. Plaintiff simply makes conclusory statements such as Defendants "act[ed] in the performance of customs or policies," and "Defendants have customs or policies which amount to deliberate indifference to . . . constitutional rights." *See* FAC ¶¶ 32, 39. These statements are not sufficient to plausibly allege City Defendants have a policy, custom, or practice of using excessive force on suspects by deploying police dogs into a residence without first searching it for which they are liable under *Monell*. *Monell*, 436 U.S. at 694; *Iqbal*, 556 U.S. at 678.

For the foregoing reasons, the Court **GRANTS** City Defendants' Motion to Dismiss as to Claim Three **without prejudice**.

## C. Doe Defendants and Individual Liability

County Defendants contend that Plaintiff makes improper use of "Doe" pleading, and the Court agrees. Doc. No. 3-1 at 13–15. To state a § 1983 claim, Plaintiff must

allege how "each Government-official defendant, through the official's own individual actions" violated his constitutional rights. *See Iqbal*, 556 U.S. at 676–77. Allegations "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). The pleadings must show each defendant "[performed] an affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). While a plaintiff may refer to unnamed defendants as "Does" at the pleading stage, this does not relieve a plaintiff of the requirement to allege a Doe personally participated in the alleged deprivation of constitutional rights. *See Brink v. Cnty. of San Diego*, No. 23-cv-1756-DMS (SBC), 2024 WL 3315992, at *3 (S.D. Cal. July 3, 2024).

"A district court should dismiss claims against Doe defendants in a Section 1983 suit when the complaint does not 'even minimally explain how any of the unidentified parties . . . personally caused a violation of [the claimant's] constitutional rights.'" *Id.* (quoting *Estate of Serna v. Cnty. of San Diego*, No. 20-cv-2096-LAB (MSB), 2022 WL 827123, at *3 (S.D. Cal. Mar. 18, 2022)). In order to provide sufficient notice of the claims at issue, Plaintiff must, at a minimum, specify what each Doe personally did which violated his constitutional rights. *See Bousman v. City of San Diego*, No. 23-cv-1648-W (JLB), 2024 WL 1496220, at *5 (S.D. Cal. April 5, 2024) ("[W]hile a plaintiff 'may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3 and so on . . . he must allege specific facts showing how each particular doe defendant violated his rights.'") (quoting *Keavney v. Cnty. of San Diego*, No. 19-cv-1947-AJB (BGS), 2020 WL 4192286, at *4 (S.D. Cal. July 21, 2020)). Here, Plaintiff pleads no facts which allege any Doe personally violated Plaintiff's rights. Further, "the Supreme Court has been clear that discovery cannot cure a facially insufficient pleading." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1172, 1177 (9th Cir. 2021) (citing *Iqbal*, 556

U.S. at 678–79). "Our case law does not permit plaintiffs to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery." *Id*. (citing *Twombly*, 550 U.S. at 559). Accordingly, the Court **GRANTS** County Defendants' Motion to Dismiss the Doe Defendants **without prejudice**.

### D.   Professional Negligence (Claim 2)

Citing California Civil Code § 1714(a), Plaintiff alleges Defendants were negligent when they allowed the police dog to enter his apartment and then failed to properly diagnose and treat his dog bite wounds. Doc. No. 1-2 at 9–10. Given that no federal claim remains against any Defendant, the Court therefore addresses whether it should continue to exercise supplemental jurisdiction over the remaining state law claim. Because the "jurisdictional questions ordinarily must precede merits determinations in dispositional order," *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007), the Court considers first the issue of supplemental jurisdiction over the state law claim before reaching the merits.

The Court's authority to entertain state law claims is governed by 28 U.S.C. § 1367. Pursuant to § 1367, a district court may decline to exercise supplemental jurisdiction over a state claim, if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

A "district court can decline jurisdiction under any one of [the] four provisions" of § 1367(c). *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir.

1998). When a district court declines supplemental jurisdiction over a state law claim pursuant to one of the first three provisions of the statute, the court need not state its reasons for dismissal. *Id*.

Section 1367(c) "confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise[.]" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded on other grounds by statute as recognized in Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (citing *Fent v. Okla. Water Res. Bd*, 235 F.3d 553, 557 (10th Cir. 2000)). "The general rule is 'when federal claims are dismissed before trial, . . . pendent state law claims also should be dismissed.'" *Kohler v. Midway Land, LLC*, No. 12cv0148 JM (WMc), 2013 WL 10733705, at *5 (S.D. Cal. Apr. 5, 2013) (quoting *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367–68 (9th Cir. 1992)); *see also Sanford*, 625 F.3d at 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)).

Here, considering the nature of Plaintiff's state law claim and that no federal claims remain in this case against any Defendant, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claim against Defendants at this time and **DISMISSES** Claim Two **without prejudice**. *See* 28 U.S.C. § 1367(c)(1), (3); *see also Locantore v. Hunt*, 775 F. Supp. 2d 680, 689 (S.D.N.Y. Mar. 31, 2011) ("Plaintiff's federal claims are all dismissed prior to trial, and there is no reason to believe that judicial economy, convenience, or fairness would be served by this [c]ourt exercising supplemental jurisdiction over [p]laintiff's state law claims, and to do so would be inconsistent with the principle of comity."); *Cohill*, 484 U.S. at 351–57 (concluding that elimination of all federal claims gives the court "a powerful reason to choose not to continue to exercise jurisdiction").

12

24-cv-1445-MMA (DDL)

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** City and County Defendants' Motions to Dismiss as to Plaintiff's Eighth Amendment claim against all Defendants **with prejudice** because any amendment would be futile. *See Gray v. JPMorgan Chase Bank, N.A.*, 661 F. Supp. 3d 991, 999 (C.D. Cal. March 13, 2023) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

As to Claims One and Three, the Court **GRANTS** City and County Defendants' Motions to Dismiss **without prejudice**.

With respect to Plaintiffs' state law claim in Claim Two, the Court **DECLINES** to exercise supplemental jurisdiction. Accordingly, the Court **DISMISSES** Claim Two **without prejudice**. 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7.

The dismissal is with leave to amend. Should Plaintiff wish to amend, any amended complaint will be the operative pleading and shall be filed no later than **December 4, 2024**. Defendants must respond within the time prescribed by Federal Rule of Civil Procedure 15.[4] Any claim not re-alleged and any Defendant not named in the amended complaint will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

**IT IS SO ORDERED**.

Dated: November 13, 2024

HON. MICHAEL M. ANELLO
United States District Judge

---

[4] In addition, the Court notes that any amended pleading must be accompanied by a version of that pleading that shows—through redlining or similar method—how that pleading differs from the previously dismissed pleading. *See* CivLR 15.1.c.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28