UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MOFFITT,<br><br>               Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br>               Defendants. | Case No.:  3:24-cv-1445-CAB-DDL<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>**[Doc. No. 68]** |

Before the Court is Plaintiff John Moffitt's motion for leave to amend the complaint to add NaphCare as a defendant. [Doc. No. 68 at 1.] Plaintiff states that newly discovered information shows that "a nurse involved in Plaintiff's care while he was in jail was employed by NaphCare, not the County of San Diego as originally believed." [*Id.* at 1–2.] Defendant County of San Diego does not oppose the motion. [Doc. No. 70.]

Federal Rule of Civil Procedure 15(a)(1) authorizes a party to amend its pleading once as a matter of course. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit instructs that leave to amend is to be granted with "extreme liberality." *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Courts generally consider several factors, including undue delay, bad faith, futility of amendment,

and prejudice to the opposing party.  *See Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981).

Because no Defendant has filed any opposition, and because there is no indication of any undue delay or bad faith conduct by Plaintiff, the Court **GRANTS** Plaintiff leave to amend the complaint to add NaphCare as a defendant.  Plaintiff shall file any amended complaint by **April 20, 2026** and include a copy which shows how the amended complaint differs from the previous complaint.  *See* CivLR 15.1(b).

It is **SO ORDERED**.

Dated:  April 13, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge