UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JOHN MOFFITT,
Plaintiff,
v.
COUNTY OF SAN DIEGO, et al.,
Defendants.

Case No.: 3:24-cv-1445-CAB-DDL

**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**

**[Doc. No. 87]**

Plaintiff John Moffit brought suit against several defendants in relation to injuries he sustained during his arrest and subsequent detention in January 2023. In his Third Amended Complaint ("TAC"), filed on April 16, 2026, Plaintiff added Defendant NaphCare, Inc. ("Naphcare"), a contracted medical provider for the San Diego County Jail. [Doc. No. 75.] Before the Court is NaphCare's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 87.] The matter is fully briefed, and the Court finds it appropriate for determination on the papers. *See* CivLR 7.1(d)(1). For the following reasons, the Court **GRANTS** the motion to dismiss with prejudice.

## I. FACTUAL BACKGROUND

On January 1, 2023, the San Diego Police Department entered Plaintiff John Moffitt's ("Plaintiff" or "Moffitt") home to arrest him. [Doc. No. 75 at 13; Doc. No. 87 at 9.] The police released a canine on Moffitt which bit him and caused serious injury. [Doc.

No. 75 at 13.] After his arrest, Moffitt was transferred to San Diego County Jail ("SDCJ"). [*Id.*] Moffitt alleges that while incarcerated, custodial staff and medical personnel failed to treat his bite wounds which eventually led to sepsis and weeks of hospitalization. [*Id.*] The TAC alleges that one of those responsible is an unnamed nurse employed by NaphCare, a private corporation that provides medical personnel to SDCJ. [*E.g., id.* at 6 (alleging "[Moffitt] continually asked for medical attention and was denied or delayed that attention by custody staff and medical staff, including a nurse later identified as a NaphCare employee."), 12 (alleging "[Moffitt] is informed and believes that the nurse involved in Plaintiff's care while he was incarcerated was employed by [NaphCare].").]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted[.]" The Court evaluates whether a complaint states a recognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The Court accepts as true all allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III. DISCUSSION

NaphCare argues Moffitt's claims against it are time barred and, if not time barred, that his § 1983 and professional negligence claims are inadequately pled. The Court begins by analyzing whether Moffit's claims are within the statute of limitations and concludes that Moffitt's claims against NaphCare are time-barred.

### A. Statute of Limitations

For the § 1983 claim, the Court must apply California's personal injury statute of limitations, which is two years. *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir 1999) ("[F]ederal courts apply the forum state's personal injury statute of limitations for section 1983 claims."); *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) ("California's statute of limitations for personal injury claims is two years.").

The professional negligence claim is governed by California Code of Civil Procedure § 340.5, which has a limitations period of the shorter of three years after the date of injury or one year after the plaintiff discovers the injury. Cal. Civ. Proc. Code § 340.5. NaphCare argues that the one-year period applies as Moffitt's allegations indicate he was aware in January 2023 that he was not provided proper treatment and subsequently hospitalized due to sepsis; Moffitt does not challenge this argument.

Moffitt thus needed to bring his professional negligence claim by January 2024 and § 1983 claim by January 2025.[1] Moffitt filed his initial Complaint in state court on December 19, 2023, and then his First Amended Complaint on July 12, 2024, but only

[1] Moffitt does not provide a specific date for when NaphCare's nurse inadequately treated him or was otherwise negligent, only noting that he suffered his injuries and was hospitalized in January 2023.

named the County of San Diego, City of San Diego, and Does 1–100. [*See* Doc. No. 1-2 at 2.] The case was then removed to this Court on August 14, 2024. [Doc. No. 1.] The First Amended Complaint was dismissed and a Second Amended Complaint was filed on December 4, 2024 and then dismissed-in-part. [Doc. Nos. 11, 19.] Subsequent amended complaints, including the operative TAC filed on April 16, 2026, post-date the relevant statutes of limitation. The TAC is the first complaint to name NaphCare and allege the involvement of a particular, but still unnamed, NaphCare nurse.[2] NaphCare thus moves to dismiss Moffitt's professional negligence and § 1983 claims against it because they were brought far after the statute of limitations for those claims passed in January 2024 or December 2023, respectively.

### B. Relation Back

Moffitt counters that his claims against NaphCare are timely through the relation back doctrine, which can allow claims that are barred by a statute of limitations to relate back to a timely filed complaint. Courts are required to consider both federal and state relation back standards and employ the more permissive standard where the limitations period is derived from state law, as it is here. *See Butler*, 766 F.3d at 1201. NaphCare argues that Moffitt's claims do not relate back under either standard. The Court agrees.

Federal Rule of Civil Procedure 15(c) holds that an amended pleading relates back to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted and that party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Moffitt argues that he was genuinely ignorant of NaphCare's identity and role and that if he had been, the claims against NaphCare would have been brought earlier. [Doc. No. 89 at 9.] NaphCare counters that

---

[2] The Court notes that the Honorable Michael Anello was the presiding judge on this case from its removal on August 14, 2024 until August 25, 2025, when it was transferred to the Honorable Cathy Ann Bencivengo.

lack of knowledge is not a mistake of identity as contemplated by Federal Rule 15(c)(1)(C)). [Doc. No. 91 at 6.]

The Court agrees that Moffitt's lack of knowledge of who to sue—either the County of San Diego or a Doe Defendant instead of NaphCare—is not a *mistake* of identity. *See Romero v. Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1144 (N.D. Cal. 2010) ("Even assuming that [Plaintiff] was not *aware* of the [] Defendants' potential liability . . . lack of knowledge is not a mistake of the kind required by Rule 15(c)(1)(C)(ii)[.]"); *see also Butler v. Robar Enters., Inc.*, 208 F.R.D. 621, 623 (C.D. Cal. 2002) ("While the Ninth Circuit has yet to rule on whether a lack of knowledge of the identity of an individual at the time of the filing of a complaint is a "mistake" regarding her identity for purposes of Rule 15(c), the courts of appeal that have confronted the issue are in near-unanimity that lack of knowledge is not a 'mistake.'").

Moreover, Moffitt has not established that NaphCare knew or should have known that his lawsuit would have been brought against it but for Moffitt's mistake. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) ("[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."). This is particularly true, as NaphCare highlights, in light of Moffitt's multiple filings prior to naming NaphCare years later in the TAC. Plaintiff's initial complaint in state court included Does 1–100 "as generic placeholders with no defined conduct." [Doc. No. 87 at 14.] Then in federal court, Moffitt again included claims against numerous Does, which the Court twice dismissed because Moffitt failed to allege what specific role any of them played in any event or action. [*See* Doc. No. 10 at 9–11 ("Plaintiff pleads no facts which allege any Doe personally violated Plaintiff's rights."); Doc. No. 19 at 5–6 ("What Plaintiff does not allege, however, is what role any individual Doe Defendant played in any event or action he describes in the Second Amended Complaint. He does not allege whether they are officers who allegedly handled and released the canine, jail custodial staff who denied his requests for care, jail medical staff, or anonymous participants in acts yet unknown.").] Further, a

previous amended complaint from December 2024 identified several county medical contractors, none of which were NaphCare. [*See* Doc. No. 11 at 4.] Moffit does not contest this assertion in his opposition.

In these circumstances, the Court finds that Moffitt's claims against NaphCare do not relate back under the federal rules because in light of the repeatedly deficient Doe pleadings, Moffitt has not shown that NaphCare knew or should have known that, but for a mistake concerning identity, Moffitt would have brought the action against them. *Contrast Buchanan v. Kootenai Cnty.*, No. 2:23-CV-00097-AKB, 2026 WL 483335, at *4 (D. Idaho Feb. 20, 2026) (finding doe pleading without specific allegations does not constitute mistake for Rule 15(c) purposes), *with Rodriguez v. Rodriguez*, No. 1:15-CV-00296-CWD, 2017 WL 1025666, at *8 (D. Idaho Mar. 16, 2017) (finding Rule 15(c) mistake requirement met where prior complaint specifically described the roles of the doe defendants proposed to be amended).

California relation back rules also fail to save Moffitt's claims. California Civil Procedure Code § 474 permits relation back where an amendment does not add a new defendant but simply corrects a misnomer by which an old defendant was sued, including Doe designations. *See Butler*, 766 F.3d at 1201; *see also Austin v. Massachusetts Bonding & Ins. Co.*, 56 Cal. 2d 596, 600 (1961). However, "the original complaint must state a *valid cause of action* against the now-identified Doe defendant[.]" *Woods v. Asset Res.*, No. 106-CV-00398-SMS, 2006 WL 3782704 (E.D. Cal. Dec. 21, 2006) (emphasis added). Thus, "[a]ny substitution of a 'Doe' that adds a new defendant 'cannot be related back to the original complaint or the first amended complaint [when] the description of the Doe defendants in those complaints was insufficient to identify anyone." *Est. of Serna by & through Gilliland v. Cnty. of San Diego*, No. 20-CV-2096-LAB-DDL, 2023 WL 2025057, at *4 (S.D. Cal. Feb. 15, 2023) (citing *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983)). As discussed above, the Court dismissed Moffitt's first and second amended complaints as to the Doe Defendants for failure to state a claim. Nor did Moffitt's initial complaint in state court define any individualized conduct by Doe Defendants. Thus,

even under California's relation back rules, his claims against NaphCare have no timely filed complaint to relate back to.

The Court thus **DISMISSES** Moffitt's claims against NaphCare **WITH PREJUDICE** because no amendment could cure the fact that no adequately pled claim was timely brought against a Doe defendant for NaphCare to be substituted for. As the Court grants the motion based on the statute of limitations, the Court declines to consider NaphCare's other 12(b)(6) arguments.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** NaphCare's motion to dismiss. Moffitt's claims against NaphCare are **DISMISSED WITH PREJUDICE.**

It is **SO ORDERED**.

Dated: November 17, 2026



Hon. Cathy Ann Bencivengo
United States District Judge